## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **RICKEY LOUIS JACKSON, #1353004,** | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **3:06-CV-2073-P** |
| | ) | **ECF** |
| **NATHANIEL QUARTERMAN, Director,** | ) | |
| **Texas Department of Criminal Justice,** | ) | |
| **Correctional Institutions Division,** | ) | |
| **Respondent.** | ) | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. §636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge.  The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case:  This is a petition for writ of habeas corpus filed by a state inmate pursuant to 28 U.S.C. § 2254.

Parties:  Petitioner is confined within the Texas Department of Criminal Justice, Correctional Institution Division (TDCJ-CID).  Respondent is the Director of TDCJ-CID.  The Court has not issued process in this case, pending preliminary screening.

Statement of the Case:  On March 2, 1994, Petitioner pled guilty to the offense of burglary of a building in the 86th Judicial District Court of Kaufman County, Texas, in cause number 17,549.  In accordance with a plea agreement, the state court imposed a ten-year term of imprisonment.  (Petition (Pet.) ¶¶ 1-4).  Petitioner was twice released on mandatory supervision (on December 16, 1997 and June 5, 2002), but he violated the terms of his supervised release and was returned to TDCJ's custody on March 30, 2000, following the first revocation, and to an

intermediate sanction facility on January 26, 2004, following the second revocation. *See Jackson v. Quarterman*, 3:05cv2289-K (N.D. Tex. Aug. 3, 2006) (Recomm. at 2) (Sanderson, M.J.), accepted by Order (Aug. 18, 2006) (Kinkeade, J.).

In July 2004, Petitioner was released on parole. *Id.* (Recomm. at 3). While on parole, he pled guilty in the 422nd District Court in Kaufman County, Texas, to the offense of delivery of a controlled substance in cause number 2239-422. On October 5, 2005, the state court sentenced him to a four-year term of imprisonment. *Id.* Petitioner's parole in cause number 17,549 was again revoked on or about February 15, 2006, *see Id.* (Recomm. at 4 n. 4), and he thereafter fully discharged his sentence. *See Ex parte Jackson*, No. WR-36,203-07, http://www.cca.courts. state.tx.us/opinions/Case.asp?FilingID-247010 (Oct. 25, 2006) (dismissing art. 11.07 because ten-year sentence had been discharged).

The "Offender Information Detail" maintained by TDCJ reflects Petitioner is presently serving his four-year sentence in cause number 22369-422, and that he has fully discharged his ten-year sentence in cause number 17,549. *See* http://168.51.178.33/webapp/TDCJ/Inmate Details.jsp?sidnumber=04456439.

In the present federal habeas corpus action, Petitioner again urges that he finished serving his ten-year sentence on December 12, 2003, and that he has been harmed by the denial of flat time credits following the revocations of his mandatory supervision and parole.

<u>Findings and Conclusions</u>: The petition in this case is subject to summary dismissal pursuant to Rule 4, of the Rules Governing Section 2254 Proceedings. That Rule provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to

notify the petitioner."

A federal court may consider a writ of habeas corpus only "on behalf of a person in custody . . . in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

Presently Petitioner is not incarcerated on the basis of his conviction for burglary of a building in cause number 17,549. His own allegations and the TDCJ records noted above confirm that he fully served his sentence before filing his petition in this action. Therefore, because Petitioner cannot satisfy the "in custody" requirement with respect to cause number 17,549, the District Court should dismiss the current petition for want of jurisdiction. *See Maleng v. Cook,* 490 U.S. 488, 492 (1989).

RECOMMENDATION:

For the foregoing reasons, it is recommended that the petition be DISMISSED for want of jurisdiction because Petitioner cannot satisfy the in custody requirement.

The Clerk will transmit a copy of this recommendation to Petitioner.

Signed this 8th day of December, 2006.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds

of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.